811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judy WELLER, Plaintiff-Appellant,
Save Our Samaritan; et al., Plaintiff,
Laura Beyer, Ann Cherry, George B. Freel, Maxine Nelson,
Beverly Smith, Plaintiffs-Appellants,
v.
BAY MEDICAL CENTER, a Michigan non-profit corporation,
Defendant-Appellee,
Bay Medical Center, Bay City Samaritan Hospital, two
Michigan non-profit corporations, Defendants-Appellees.
 Nos. 86-1039, 86-1048.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's ruling adopting a magistrate's opinion that they lack standing to maintain a treble damages action under the Sherman and Clayton antitrust laws; their claim is based on employment events occurring after the acquisition of Bay City Samaritan Hospital by Bay Medical Center in January 1980.
 
 
 2
 The district court initially granted summary judgment to the defendant Bay Medical Center on the grounds that the National Health Planning and Resources Development Act (NHPRDA) was intended to repeal by implication the antitrust laws as they related to the subject matter of the Act. A Sixth Circuit panel reversed and remanded the case in light of subsequent Supreme Court and Sixth Circuit law holding that the Act was not a blanket repeal of the antitrust laws. Plaintiff Weller (# 1039) then filed an action in district court, seeking treble damages arising from her discharge as operating room supervisor at Samaritan. This action was consolidated with the then pending action of Save Our Samaritan et al. (# 1048), and on December 9, 1985, the district court entered an order granting defendant's motion for summary judgment in both actions based on plaintiffs' lack of antitrust standing. Plaintiffs also appeal the denial of costs and attorney fees expended in the prior Sixth Circuit action even though they did not earlier object to the magistrate's failure to grant those fees.
 
 
 3
 Upon consideration the court is of the opinion that the magistrate and district court properly construed this court's decision in Southaven Land Co., Inc. v. Malone & Hyde, Inc., 715 F.2d 1079 (6th Cir.1983) and the other authority relied upon in determining that these plaintiffs lack standing to assert a claim for treble damages under the Sherman and Clayton acts. It therefore follows as well that the district court properly dismissed the plaintiffs' complaints based upon a lack of any independent basis for subject matter jurisdiction over the pendent state law claims. Finally, we conclude that plaintiffs are not entitled to attorney fees and costs on the basis that they did prevail in part because of having succeeded in an earlier remand for reconsideration. They have not shown that their partial success in obtaining a remand resulted in their obtaining any benefit from their lawsuit in the long run, and thus we do not believe that they have substantially prevailed. While we recognize that Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) is not directly applicable, this being antitrust litigation, we nonetheless find its rationale persuasive here.
 
 
 4
 AFFIRMED.